Groppengeiser v. Walter.

## WILLS—DESCENT.

(Hamilton Circuit Court, January Term, 1900.)

Before Smith, Swing, and Giffen, JJ.

AUGUST GROPPENGEISER ET AL. V. LOUISA WALTER ET AL.

**1 REMAINDER WHERE ONLY LIFE ESTATE IS DEVISED.**

Under a will bequeathing all property of which testator should die possessed to his wife, "to have and to hold said property unto her own use, for and during her natural life," with no further provision, except that "it is my desire that my said wife, after my demise, and in case my daughters Sophia and Louisa should marry, shall give to each daughter the sum of $500," to be forfeited in case either married a man objectionable to her mother, the widow takes only a life estate, and the remainder, not being devised, passes under the statute of descents to the daughters, not as an expectancy, contingent upon their mother's death, but as a vested estate.

**2 STATUTE OF DESCENTS APPLIED TO DAUGHTERS' SHARES.**

Upon the death of either of the daughters thus inheriting under the statute of descents, intestate and without issue, her interest in the estate, an undivided one-half, would pass, by virtue of sub. 2 of sec. 4158, Rev. Stat., fixing the rule of descent, when title comes by descent, to her husband for life, and, upon his death, under sub. 3, of said section, to her sister Sophia, in both cases subject to the existing life estate of the mother.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The rights of the parties in this case are to be determined by the construction to be placed upon the will of John N. Strauss, late of this county, deceased, and a consideration of the statutes of descent and distribution, in force at the time of his death, February 14, 1877. The action involved the real estate in this city of which he died seized, and was originally an action for the partition thereof, and in which action the Gambrinus Relief Union was made a party defendant, and set up a mortgage executed to it, after the death of Strauss, by his widow, and one of his children and her husband. The case was tried to the court, and at the request of the parties, a separate finding of law and facts was made, and on this finding of facts the case comes into this court on error, the claim being that on the facts found, the judgment or decree rendered was wrong.

The facts as found by the trial court are substantially as follows:

That on November 6, 1875, said Strauss executed his will, and died February 14, 1873, leaving a widow, Barbara, and two children, Sophia and Louisa, his only heirs at law, surviving him, and this will was in a few days thereafter duly admitted to probate and record in this, county. The disposing part thereof is as follows:

"First. I give and bequeath unto my beloved wife Barbara *, all and singular my property, real as well as personal, that I now own, or that I may hereafter acquire and die possessed of. To have and to hold said property unto her own use and behalf, for and during her natural life. Provided, however, that the foregoing bequest is made by me upon the express condition, that if my wife shall contract a second marriage after my demise, or if she should otherwise bring reproach upon my name by misconduct of any kind, then, and in such case, she shall only take her widow's portion under the law.

43 O C D  Vol. 10.

"It is my desire that my said wife, after my demise, and in case any of my daughters, Sophia and Louisa, should marry, shall give to each daughter the sum of $500.00, provided, however, that such claim of my said daughter to such gift shall be forfeited in case they, or either of them should marry a husband of no account, who should be shiftless and reasonably objectionable to my wife."

The testator made no further disposition of his property, and his widow did not marry, and lived without reproach. In September, 1882, Sophia was married to Louis Walter, and in 1894 she died leaving the three children, parties in this case, surviving her, her only heirs at law. On October 15 1885, Louisa, the other daughter, married August Groppengeiser, and on October 15, 1887, she died intestate and without issue, leaving her husband surviving her. Barbara, the widow, died July 8, 1896. On September 13, 1892, Barbara, the widow, Sophia, the daughter, and Louis Walter, her husband, mortgaged all their interest in the real estate to the Ganbrinus Relief Union to secure a note of $600.00. The court further finds that Barbara, while she did not elect in court to take under the will of her husband, in fact did by her acts do so, and was the owner of a life estate in the real estate until her death, July 8, 1896. And as findings of law, that the two daughters by said will took no interest in said land, and that as they both died before their mother, her death "terminated all their expectancies therein, though if they had outlived their mother, they would have been invested with an estate of inheritance therein." Consequently that neither the husband of Mrs. Walter, or the husband of Mrs Groppengeiser has now, and never had any interest therein, and that the mortgage to the Gambrinus Company can not be enforced, and that the three children of Mrs. Walter, on the death of Barbara, took the fee simple title therein, and now own the whole thereof.

Was this a proper judgment on the facts? It is conceded, we believe, by the counsel for the defendants in error, and it seems perfectly clear, that by the terms of the will, Barbara took but a life estate in the property. And it is equally clear, that the remainder therein was not devised by the will, and such being the case, such remainder therein passed under the statute of descents to his two daughters, his only heirs at law, subject to the life estate of their mother. It was a vested estate in them, and in no sense was it a mere expectancy, or contingent on their outliving their mother—and on the death of either, intestate, her interest therein, viz.: the one equal undivided half thereof, subject to the life estate of her mother therein, would pass by virtue of the statute of descents, sec. 4158, Rev. Stat., fixing the rule where the title came by descent. Thus, Louisa, wife of Groppengeiser, having died October 15, 1887, seized of the one undivided half of this real estate, intestate and without issue, her interest therein by virtue of the second subdivision of said section passed to her husband for life, and by the third subdivision, at the death of the husband, to her sister Sophia, who survived her, in fee, both subject of course to the existing life estate of Barbara. On September 13, 1892, Barbara and Mrs. Walter executed the mortgage to the Gambrinus Relief Union. This incumbered the one equal half of the estate of Mrs. Walter, which she took by descent from her father, and the other equal half thereof which she took by descent from her sister, subject to the life estate therein of the husband of Louisa. On the death of Mrs. Walter intestate, her interest in the real

Groppengeiser v. Walter.

estate descended to her three children, subject to the dower estate therein of her husband, and subject to the mortgage which their father and mother had given thereon, and to the life estate of August Groppengeiser, in the one equal undivided half thereof.

The Gambrinus Relief Union is therefore entitled to a decree for the sale of the fee of the real estate of which Mrs. Walter died seized, subject however, to the life estate of August Groppengeiser therein in one equal half thereof. But as he desires to have the value of his interest in money, as we understand, the property can be sold free of his life estate, and free of the dower of Mr. Walter therein, and the value of the life estate of Groppengeiser, and this dower of Walter, if any, can be adjudged hereafter.

As the facts in the case all appear by the finding of the trial court, the order will be that the judgment and decree of the trial court will be reversed, with costs, and a decree will be entered in this court, in conformity with this opinion.

*Chris. Von Seggern* and *Richard C. Swing*, for plaintiff in error, and the Gambrinus Relief Union.

*Mr. Baer*, for Louis Walter.

*Mr. Williams*, for the minor children.